Teresa HEDGES, Petitioner–Appellant,

v.

Joan YUKINS, Warden, Respondent–Appellee.

No. 02–1203.

United States Court of Appeals, Sixth Circuit.

May 18, 2004.

Marguerite Ann Hanes, Mt. Clemens, MI, Ian B. Lyngklip, Lyngklip & Taub, Southfield, MI, for Petitioner–Appellant.

Brad H. Beaver, Asst. Atty. General, Office of the Attorney General Corrections Division, Lansing, MI, for Respondent–Appellee.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

PER CURIAM.

The petitioner, Teresa Hedges, is a Michigan state prisoner serving a life sentence without possibility of parole following her conviction for first-degree felony-murder. After unsuccessfully attempting to overturn her conviction and after failing to secure post-conviction relief in the state courts, she filed this federal habeas corpus petition, in which she alleged that she had been denied the effective assistance of counsel at trial and that her due process rights were infringed by the state trial judge's failure to clarify a jury instruction. Hedges appeals the district court judgment denying that request for issuance of the writ.

The petitioner's conviction and life sentence stemmed from the tragic events of the early morning hours of January 8, 1994. Hedges alleged that, at that time, 85–year–old Clyde Gage voluntarily admitted her into the home Gage shared with his Alzheimer's-stricken wife, Kaye. Hedges claimed that she had, on occasion, assisted with Kaye's home care and thus felt comfortable visiting Clyde Gage and asking him for monetary gifts. Although Hedges said that Gage willingly gave her $110 that night to purchase tickets for a Detroit Lions playoff game, she told police that Gage then attacked her, threatened her with a pair of scissors, and engaged with her in a violent, bloody, and protracted struggle that proceeded from the home's kitchen, through the hallway, and into Gage's bedroom. The petitioner claimed that she eventually was able to turn the scissors on her assailant and stab Gage numerous times, killing him.

Forensic testimony established that Gage had been stabbed 53 times, with four of those wounds being potentially fatal. Further crime scene investigation revealed that a large amount of cash usually kept by Gage in a dresser drawer was missing, thus prompting the prosecution to allege that Hedges had entered the home in contemplation of larceny and had thereafter taken the life of the victim. The defense, however, sought to establish that Gage, despite his advanced age, was a virile man with a violent temper, that it was he, not Hedges, who precipitated the attack, and that the petitioner killed Gage only in self-defense.

Hedges asserts that her trial counsel, Che Karega, was ineffective in presenting that defense to the jury. Specifically, the petitioner submits that Karega unjustifiably chose not to engage in individual voir dire of potential jurors, that he declined to offer an opening statement, that he failed to investigate the case adequately or prepare for trial, and that he improperly waived a crucial opportunity to demand a clarification of a jury instruction offered on the elements of felony murder.

The district court carefully examined each of the individual claims raised in the petition, measuring them against the standard of review mandated by 28 U.S.C. § 2254(d) and finding in each instance that the Michigan state courts' adjudication of those claims involved an objectively reasonable application of established federal law. The court therefore concluded that there was no basis upon which to grant relief to the petitioner.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying relief. Because the reasons why judgment should be entered for the respondent have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order dated January 29, 2002.